## In the Matter of Christopher E. CARL.

### No. 82S00–0011–DI–726.

Supreme Court of Indiana.

April 19, 2002.

### ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE

Upon review of the report of the hearing officer appointed by this Court to hear evidence on the Disciplinary Commission's *Verified Complaint for Disciplinary Action*, we find that the respondent engaged in attorney misconduct.

**Facts:** After agreeing to represent an Illinois resident against a drunk driving charge in Perry County, Indiana, and accepting a $1,500 retainer, the respondent failed to take action or to respond to the client's repeated requests for information about the case. Later, the respondent failed to acknowledge the client's Illinois counsel's requests for information about the case or, ultimately, to return to the client case file materials to which the client was entitled. The respondent also failed to respond to two Disciplinary Commission demands for response to the grievance the client later filed against the respondent.

**Violations:** The respondent violated Ind.Professional Conduct Rule 1.3, which requires a lawyer to act with reasonable diligence and promptness in representing a client. He violated Prof.Cond.R. 1.4(a), which requires lawyers to keep clients reasonably informed about the status of their legal matters and promptly to respond to reasonable requests for information, and Prof.Cond.R 1.4(b), which provides that lawyers must explain matters to client to the extent reasonably necessary to permit them to make informed decisions regarding the representation. He violated Prof. Cond.R. 1.16(d), which requires a lawyer, upon termination of representation, to surrender to a client papers and property to which the client is entitled. He violated Prof.Cond.R. 8.1(b) knowingly failing to respond to a lawful demand for information made by the Disciplinary Commission. By accepting an attorney fee, failing to provide any services whatsoever thereafter, and then failing to refund the unearned fee to the client, the respondent violated Prof.Cond.R. 8.4(b) by committing a criminal act, conversion, which reflects adversely on his honesty and trustworthiness.

For this misconduct, we find that the respondent should be suspended from the practice of law for a period of not fewer than sixty (60) days, beginning May 25, 2002, for his misconduct. At the conclusion of that period, he shall be eligible to petition this Court for reinstatement to the practice of law in accordance with Ind.Admission and Discipline Rule 23(4). Costs of this proceeding are assessed against the respondent. The Clerk of this Court is directed to provide notice of this order in accordance with Ind.Admission and Discipline Rule 23(3)(d) and to Phyllis Kenworthy, hearing officer in this matter.

All Justices concur.